IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00879-RPM

KATHRYN KIRBY,

                       Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

                       Defendant.

_____

MEMORANDUM OPINION AND ORDER
_____

Kathryn Kirby ("Kirby") sustained physical injuries, including a closed head injury, in an automobile accident in 1987. She received Social Security disability benefits from September, 1989, through August, 1994. Kirby applied for SSDI benefits on July 9, 1998, due to chronic pain in her back, neck and jaw, hypertension, gastritis, closed head injury, memory loss, and anxiety. On March 30, 2000, Administrative Law Judge Antoinette Martinez ("ALJ") denied that application, determining that Kirby had the residual functional capacity to perform a range of light work, such as small products assembler and travel information clerk. The Appeals Council denied review on June 5, 2001, and Kirby filed for judicial review in this court in Civil Action No. 01-AP-1591. On December 10, 2001, the Commissioner filed a motion to remand, alleging the following:

> The Social Security Administration's Appeals Council, in its role as finder of fact, has further reviewed this case and determined that a remand for further proceedings is appropriate. If the Court grants this motion, the Appeals Council intends to remand the matter to an Administrative Law Judge ("ALJ") with directions to: 1) consider the opinion of Dr. Timothy Cucich regarding Plaintiff's mental limitations and either accept or reject the conclusions regarding Plaintiff's

concentration, cognitive abilities, and daily social functioning; 2) assess Plaintiff's mental and physical residual functional capacity on a funtion [sic]-by-function basis; and 3) due to the nonexertional limitations stemming from Plaintiff's mental limitations, receive evidence from a vocational expert regarding the availability of jobs within Plaintiff's residual functional capacity.  Plaintiff will have an opportunity to submit any additional evidence relevant to her claim and to testify at the supplemental hearing.

After the court's remand, the Appeals Council sent the claim to the Denver Office of Hearings and Appeals.

Kirby filed a second application for SSDI benefits on September 26, 2001, and the State Disability Determination Services (DDS), at the initial level of consideration, found Kirby disabled as of June 16, 2001.  Upon expiration of the five month waiting period, the plaintiff began receiving payments in December, 2001.

Pursuant to the court's remand of the 1998 application, a hearing was convened on January 12, 2004, by ALJ Nichola Leburgio in the absence of ALJ Martinez resulting from an emergency.  At that hearing, ALJ Leburgio acknowledged that the DDS had determined that the claimant was disabled as of June 16, 2001, that she was on benefits and her representative payee was present.  The ALJ then said:

> So the period of time that we're talking about in any case is from February 11 of 1998 up until about June 15 of 2001.
> (R. 586).

Upon learning that the designated medical expert witness, Dr. Robert Pelc, had not reviewed the medical records from 1987 through 1992, the ALJ adjourned the hearing.

ALJ Martinez convened a hearing on March 16, 2004, attended by Kirby, her attorney, Ruth Irwin, who had represented her in the prior proceedings, Medical Expert

2

Dr. Pelc, and Louis Phillips, Vocational Expert.  In response to the ALJ's questions, Kirby gave the following testimony:

> Q    Okay.  What kind of work did you do between 1998 and 2002?  Do you remember that?
>
> A    I think I worked part-time at a hospital.
>
> Q    Doing what?
>
> A    Answering phones.
>
> Q    How long did you do that?
>
> A    Maybe three, four months.  I was part-time.
>
> Q    How many months?
>
> A    Maybe three or four.  I don't remember exactly.
>
> Q    And how much did you make during that period?
>
> A    I have no idea.
>
> Q    Okay.  Our record shows that you earned $1,000 in 1999 and was that at the hospital, and $4,000 from the same place?
>
> A    I don't remember.  I think so.

In her decision of March 24, 2004, ALJ Martinez determined that Kirby was entitled to benefits commencing April 1, 2002, but not prior to that date.  As a result the disability payments to Kirby stopped to recoup the overpayment and she did not receive any further payments until January, 2005.

This action was filed for judicial review under 42 U.S.C. § 405(g) of the March 24, 2004, decision after the Appeals Council declined to assume jurisdiction.

The plaintiff's first contention is that ALJ Martinez exceeded her authority by

3

reopening the DDS decision granting benefits on the 2001 application. In response, the Commissioner relies on 20 C.F.R. § 404.988(b) permitting the reopening of an initial determination within four years upon a finding of good cause as defined in § 404.989. That section defines good cause to include the furnishing of new and material evidence. 20 C.F.R. § 404.989(a)(1). The defendant argues that Kirby's earnings record documenting receipt of $4,045.16 in wages for the year 2001 had a direct bearing on whether she could perform substantial gainful activity and that she failed to disclose her work activity in her September application resulting in an error in the determination. There is a hint but no overt allegation of fraud in failing to disclose the employment resulting in the reported earnings.

      The defendant's arguments do not overcome the fundamental unfairness of the failure of the ALJ to notify the claimant and her counsel that the ALJ intended to reconsider the award of benefits that Kirby had been receiving. The claimant was denied the opportunity to confront the issue and present evidence to show that she did not engage in substantial gainful activity between July and December, 2001. Under 20 C.F.R. 404.946(b)(2), the ALJ must give notice if she will consider any new issue and there was no notice that the June 16, 2001, disability date would be reconsidered. Moreover, ALJ Leburgio specifically identified the issue to be heard. The lack of notice was extremely prejudicial because the claimant could have presented evidence contradicting the finding made by ALJ Martinez. Moreover, Kirby did acknowledge the $4,000 earnings in her testimony, as noted above, but the ALJ failed to ask any follow up questions to clarify the time and source of those earnings.

4

In her decision, the ALJ said that the claimant worked between July and December, 2001, doing office work at a hospital, earning $4,000 in 5 months according to Social Security records. The earnings record did not show the months during which the wages were earned, only the total for the year. Only one employer was identified, North Suburban Medical Center, and there is nothing to indicate whether the employment was continuous and full time.

The ALJ also relied on a medical treatment record dated December 11, 2001, that Kirby quit her job because she believed she was the victim of harassment, not because of her medical impairments. The reference is to progress notes from Clinica Compesina indicating that on July 9, 2001, Kirby said she had started working at "N. Suburban" about a week ago (R. 446) and that on December 5, 2001, she said she held a job for 5 months but believed she was a victim of harassment and resigned. (R. 547).

The ALJ failed to consider that the mental and emotional impairments diagnosed by the medical experts and found by the ALJ to be disabling included cognitive disorder, depressive disorder, PTSD and panic disorder with agoraphobia–conditions which would distort her perception of the actions of co-workers. It was an arbitrary assumption for the ALJ to find that the termination of employment was not related to Kirby's severe impairments. The ALJ also used this information to undermine the credibility of the claimant.

Assuming that it was appropriate to re-open the disability determination of an onset of June 16, 2001, the ALJ's finding of a different onset date was arbitrary and not

5

supported by the evidence. The selection of the April 1, 2002, date by the ALJ and the Appeals Council was based on the report of Dr. Timothy Cucich of his evaluation of the claimant on April 23, 2002, (R. 574-579) as contrasted with the same doctor's report in 1998. Dr. Cucich wrote that Kirby's problems seem to have developed secondary to a closed head injury and said: "It seems that her mood and anxiety have originated from that closed head injury and have been exacerbated over the past couple of years." (R. 578). From his interpretation of the medical records, Dr. Pelc said: "So it appears that sometime between 1998 and Dr. Cusec's [sic] record of 2002 that there seem to be some marked deterioration that was going on . . . a marked deterioration in functioning that occurs again between those two frames that I'm referencing. (R. 598). Dr. Pelc could not give a specific time reference. He noted that the claimant was being treated for anxiety by her primary care doctor in March of 2000. He said that it appears that her symptoms were ongoing at least back to February, 1998, and that she was being treated by "non-mental health professionals throughout the time period for anxiety and depression related symptoms." (R. 600).

The ALJ and Appeals Council relied on an absence of medical records to conclude that Kirby was not disabled before April, 2002. They have ignored Kirby's testimony as to her impairments and her inability to seek medical care because she had no medical insurance, as well as the DDS finding that the period of disability began on June 16, 2001.

There is no purpose to remand this matter for any further proceedings on the question of disability. The DDS decision is the decision governing benefits for this

plaintiff.  Upon the foregoing, it is

      ORDERED, that the decision of Administrative Law Judge Martinez dated March 24, 2004, is vacated and the Commissioner shall take such action as necessary to adjust the benefits for Kathryn Kirby on the determination that her period of disability began on June 16, 2001.

      DATED: May 1st, 2006

                              BY THE COURT:

                              s/Richard P. Matsch
                              _____
                              Richard P. Matsch
                              Senior District Judge